UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAYA JALLOW,

                Plaintiff,

        -against-

CITY OF NEW YORK; and BOWERY
RESIDENTS' COMMITTEE,

                Defendants.

20-CV-6511 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff Yaya Jallow, appearing *pro se*, brings this action alleging that Defendants

violated his federally protected rights. By order dated February 12, 2021, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to
state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the
Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing
the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.
Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals
of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550
U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court
must determine whether those facts make it plausible – not merely possible – that the pleader is
entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed his original complaint on August 14, 2020. (ECF No. 2.) On September 21,
2020, Plaintiff filed a motion to amend and proposed amended complaint (ECF No. 6.) Without a
ruling from the Court on his motion, Plaintiff then filed a second amended complaint on October
19, 202. (ECF No. 8.) The second amended complaint names as defendants the City of New
York,[1] and Bowery Residents' Committee, and sets forth allegations about Plaintiff's experience

---

[1] In the body of the second amended complaint Plaintiff also mentions the New York City
Department of Social Services (DSS), the Human Resources Administration (HRA), and the
Department of Homeless Services (DHS).

with the network of New York City agencies and nonprofit organizations that provide shelter and other services to the homeless population.

Plaintiff alleges that during his "4 months, May 5th 2019 – September 5th 2019, stay at BRC Reaching New Heights Men's Shelter he was a victim of theft, slander, harassment, intimidation, retaliation, & attempted and actual false imprisonment along with the theft and destruction of his personal property & possessions (headphones, stole case beginning at 150$, USB Flash Drive, Pants)." [2]

Plaintiff asserts claims under 42 U.S.C. 1983, four federal criminal statutes (18 U.S.C. §§ 241, 249, 1505, 1038), and various state and local criminal statutes. The second amended complaint contains an "exhibit list" and 63 pages of exhibits (ECF 8.) It is unclear what connection these documents have to Plaintiff's claims. Plaintiff seeks money damages and "prosecution of criminal violations." (*Id.* at 10.)

## DISCUSSION

### A.    Section 1983

Plaintiff asserts claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[2] Since August 2020, Plaintiff has filed seven cases in this Circuit, some of which also address his experiences in the shelter system. *See Jallow v. City of New York,* ECF 1:20-8871, 8 (S.D.N.Y. April 27, 2021) (dismissing complaint for failure to state a claim); *Jallow v. City of New York*, ECF 1:20-CV-8629, 2 (S.D.N.Y. filed Oct. 15, 2020) (pending); *Jallow v. City of New York*, ECF 1:20-CV-8001, 6 (S.D.N.Y. Nov. 30, 2020) (dismissing complaint without prejudice); *Jallow v. City of New York*, ECF 1:20-CV-6260, 2 (S.D.N.Y. filed Aug. 7, 2020) (pending); *Jallow v. Airbnb, Inc.*, 20-CV-4089 (E.D.N.Y. Dec. 16, 2020) (dismissing complaint with leave to replead); *Jallow v. The Local Mgmt.*, 20-CV-4088 (E.D.N.Y. filed Aug. 25, 2020) (pending).

To the extent that Plaintiff brings this action because was sent to an undesirable shelter, he fails to state a claim under the Due Process Clause because neither federal nor New York State law creates a property right to placement in a particular type of shelter. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality. . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law.").

1.      Claims Against the City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff fails to allege any facts that suggest that a policy, custom, or practice of the City of New York caused a violation of Plaintiff's federal constitutional rights. The Court grants Plaintiff leave to provide any additional facts that support a municipal liability claim.

2.      Claims Against the Bowery Residents' Committee

Plaintiff asserts claims against Bowery Residents' Committee which is a private entity. But the complaint fails to show that this Defendant qualifies as a state actor who may be held liable under § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of § 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g., George v. Pathways to Housing,*

*Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Plaintiff does not assert facts suggesting that the actions of Bowery Residents' Committee are attributable to the government. Should there be additional facts to support a claim against this Defendant, Plaintiff may assert them in an amended complaint.

**B.     Federal, State, and Local Criminal Statutes**

Plaintiff also purports to bring claims under 18 U.S.C. §§ 241, 249, 1505, 1038, which are federal criminal statutes, and under various state and local criminal statutes. But these criminal provisions cannot be the basis for a civil action because such statutes do not provide private causes of action. *See Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."). Accordingly, Plaintiff's claims under these statutes are dismissed without prejudice.

**C.     State-Law Claims**

Plaintiff asserts negligence, harassment, and slander claims against Defendants. But claims of negligence, harassment, and slander arise under state law, not federal law, and federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all of the federal claims over which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, "when the federal-law claims

have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

If Plaintiff fails to state a claim under federal law in her amended complaint, the state-law claims against Defendants will be dismissed under 28 U.S.C. § 1367(c)(3) without prejudice to Plaintiff's pursuing those claims in an appropriate state-court forum.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. At this stage of the case, Plaintiff need not prove his allegations, provide documentary evidence, or cite case law. Accordingly, supporting documents are not necessary. What the Court requires is a clear and concise account of the facts and how those facts support his claim that Defendants violated his federally protected rights.

In the "Statement of Claim" section of the third amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the third amended complaint that Plaintiff wants the Court to consider in deciding whether the third amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's third amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's third amended complaint will completely replace, not supplement, all previously filed complaints, any facts or claims that Plaintiff wants to include from the previous complaints must be repeated in the third amended complaint.

## CONCLUSION

Plaintiff is granted leave to file a third amended complaint that complies with the standards set forth above. Plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Third Amended Complaint," and label the document with docket number 20-CV-6511 (LLS). A Third Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to receive electronic service. (ECF No. 4.)

SO ORDERED.

Dated:   May 7, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                     Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____        _____

Telephone Number                          Email Address (if available)

**B. Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                  State            Zip Code

Defendant 2:

First Name                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                  State            Zip Code

Defendant 3:

First Name                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                  State            Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical
treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.