UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAYA JALLOW,

                Plaintiff,

-against-                          20-CV-6511 (LLS)

CITY OF NEW YORK; and BOWERY         ORDER OF DISMISSAL
RESIDENTS' COMMITTEE,

                Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his rights. By order dated May 7, 2021, the Court directed Plaintiff to file a third amended complaint to address deficiencies in his second amended complaint. Plaintiff filed a third amended complaint on July 5, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his original pleading, Plaintiff set forth the following allegations about his experiences with the network of New York City agencies and nonprofit organizations that provide shelter and other services to the homeless population.[1] Plaintiff alleged that during his "4 months, May 5th

---

[1] Since August 2020, Plaintiff has filed seven cases in this Circuit, some of which also address his experiences in the shelter system. *See Jallow v. Airbnb, Inc.*, 20-CV-4089 (E.D.N.Y. Dec. 16, 2020) (dismissing complaint with leave to replead; amended complaint pending); *Jallow v. The Local Mgmt.*, 20-CV-4088 (E.D.N.Y. filed Aug. 25, 2020) (dismissing amended complaint with leave to replead; second amended complaint pending); *Jallow v. City of New York*, ECF 1:20-CV-8871, 8 (S.D.N.Y. Apr. 27, 2021) (dismissing amended complaint for failure to state a claim); *Jallow v. City of New York*, ECF 1:20-CV-8629, 11 (S.D.N.Y. May 6, 2021) (same); *Jallow v. City of New York*, ECF 1:20-CV-8001, 6 (S.D.N.Y. Nov. 30, 2020) (dismissing

2019 – September 5th 2019, stay at BRC Reaching New Heights Men's Shelter he was a victim of theft, slander, harassment, intimidation, retaliation, & attempted and actual false imprisonment along with the theft and destruction of his personal property & possessions (headphones, stole case beginning at 150$, USB Flash Drive, Pants)." (ECF No. 8, at 4.) Plaintiff asserted claims under 42 U.S.C. 1983, four federal criminal statutes (18 U.S.C. §§ 241, 249, 1505, 1038), and various state and local criminal statutes.

The second amended complaint contained an "exhibit list" and 63 pages of exhibits (ECF No. 8.) It is unclear what connection these documents have to Plaintiff's claims. Plaintiff sought money damages and "prosecution of criminal violations." (*Id.* at 10.)

By order dated May 7, 2021, the Court found the following: the second amended complaint failed to state a claim against the City of New York because there were no facts showing that a municipal policy, custom, or practice led to the alleged injuries; Plaintiff had not alleged facts showing that the Bowery Residents' Committee is a state actor for purposes of § 1983 liability; and Plaintiff lacked standing to assert claims under criminal statutes. The Court directed Plaintiff to file a third amended complaint to address these deficiencies.

Plaintiff has now filed a 19-page third amended complaint that includes a list of attachments, but there are no documents attached to the third amended complaint. Plaintiff alleges that he:

> was slanderously discriminated on the basis of his race, color, sex, national origin & familial status as part of a plot to kill or endanger The Plaintiff in a dimwitted scheme to rob The Plaintiff while stigmatizing and attempting to leaving him dead in the street or at the hands of the City of New York Police Department as has happened to countless minorities in the City & State of New York time and time again, with several following the same template (policy) as that which The Plaintiff was subjected to at the hands of The Defendants personnel.

---

complaint without prejudice); *Jallow v. City of New York*, ECF 1:20-CV-6260, 2 (S.D.N.Y. filed Aug. 7, 2020) (pending).

(ECF No. 11 at 2.)

      Plaintiff seeks monetary damages in the total amount of $357,034.00, and injunctive and declaratory relief.

## DISCUSSION

      The Court concludes that the third amended complaint is inadequate for the same reasons stated in the Court's May 7, 2021 order. Plaintiff does not allege sufficient facts supporting his assertion that he was subjected to discrimination. Moreover, Plaintiff fails to show that a municipal policy, custom, or practice led to his injuries, or that the private defendant acted under color of state law. The Court therefore dismisses the third amended complaint for failure to state a claim.

      Because Plaintiff fails to state a claim under federal law in his third amended complaint, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

      District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's third amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's requests for injunctive and declaratory relief are denied as moot.

The Clerk of Court is directed to transmit this order to Plaintiff and note service on the docket.[2]

SO ORDERED.

Dated: July 21, 2021
       New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

---

[2] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 4.)